REDMANN, Judge.
Plaintiff appeals from the dismissal as moot of its action for 1980 boxing licenses and for a declaratory judgment invalidating defendant commission’s rule that only one promoter’s license can be issued in each city. Plaintiff concedes the mootness of the 1980 licenses issue, but argues that the issue of the validity of the commission’s rule is not moot notwithstanding that plaintiff did not apply for 1981 licenses.
We agree. A rule that only one license can be issued obliges an applicant to compete with and defeat the existing license-holder and all other would-be licensees. A plaintiff might have no hope of defeating a more experienced licensee, and thus deem it futile to apply for a license while the one-license rule remains in force. Moreover, the one-year period for a license of any year might expire while judicial review is pending. Were it not for this appeal’s having been selected for the accelerated disposition docket, it would not have been heard until 1982, by which time any question of a 1981 application could also be argued to be moot. Thus we conclude that plaintiff’s declaratory judgment action on the one-license rule is not moot notwithstanding that plaintiff’s application for a 1980 license has become moot and plaintiff has not applied for a 1981 license.
Nevertheless, La.R.S. 49:963 provides the validity of a rule can be determined by action for declaratory judgment “only after the plaintiff has requested the agency to pass upon the validity ... of the rule . . .. ” Plaintiff’s petitions do not show that it did request the commission to pass upon the validity of the one-license rule. The petitions therefore fail to state a cause of action and must be dismissed on that ground, with leave, however, to amend to allege, if it can, the facts necessary to authorize this action within R.S. 49:963.
Amended to allow amendment within a delay to be fixed by the trial court.